## JULIA ANN JOHNSON *v.* WILLIAM H. CASTLE.

*Evidence. Expert. Actual experience not necessary.*

1. A physician may give an opinion as an expert upon a subject connected with his profession in which he has had no actual experience, and as to which his only knowledge is from reading and reflection.
2. Whether a man seventy-six years old is physically capable of begetting a child is a proper subject for expert testimony. And the fact that no certain opinion can be given without a microscopic examination of the semen is no reason to the contrary.

Complaint for bastardy. Trial by jury at the September term, 1890, Royce, Ch. J., presiding. Verdict and judgment for the defendant. The plaintiff excepts.

The defendant was about seventy-six years old, and claimed that he was physically incapable of having begotten the child. Upon this point the plaintiff offered the testimony of one Ray, the family physician of the defendant, as to whether in his opinion the defendant was so capable. Dr. Ray said that he had no special experience as to this subject, his knowledge about it having been derived from a study of standard authors, and that no one could give a positive opinion in a particular case without a micro-

scopic examination of the semen. The court ruled that as a matter of law he could not testify as an expert upon that subject.

*Waterman, Martin & Hitt,* for the plaintiff.

An expert may be qualified by study without practice.
*State* v. *Wood,* 53 N. H.; *Taylor* v. *Railway,* 48 N. H. 304; *Howard* v. *G. W. Ins. Co.,* 109 Mass. 384; *Mason* v. *Fuller,* 45 Vt. 29; *Slater* v. *Wilcox,* 57 Barb. 606; *Stone* v. *Covell,* 29 Mich. 360.

*A. E. Cudworth* and *Haskins & Stoddard,* for the defendant.

Whether the witness was an expert was a question for the court below and not revisable here.
*State* v. *Ward,* 39 Vt. 225; *Wright* v. *Williams,* 47 Vt. 222; *Fire Association* v. *Bank of St. Johnsbury,* 52 Vt. 83; *Carpenter* v. *Corinth,* 58 Vt. 214; *Bemis* v. *R. R. Co.,* 58 Vt. 636; 1 Greenl. Ev. § 49 and notes; *Lake* v. *Clark,* 97 Mass. 346; *Gossler* v. *Eagle Sugar Refinery,* 103 Mass. 331; *Commonwealth* v. *Williams,* 105 Mass. 62; *Hawks* v. *Charlemont,* 110 Mass. 110; *Nunes* v. *Perry,* 113 Mass. 274; *Commonwealth* v. *Coe,* 115 Mass. 481; *Commonwealth* v. *Sturtivant,* 117 Mass. 122; *Perkins* v. *Stickney,* 132 Mass. 217.

The witness had no knowledge of the facts upon which his opinion must have been based, and could not, therefore, properly give it.
*Stanton* v. *Proprietors of Haverhill Bridge,* 47 Vt. 172; *Dickinson* v. *Barber,* 9 Mass. 227; 1 Greenl. Ev. § 440; 2 Best Ev. § § 513–15 and notes; Laws. Ex. and Op. Ev. 131 and 135; *Vosberg* v. *Putney,* N. W. Rep. (Wis.) 99; *Wetherbee* v. *Wetherbee,* 38 Vt. 454.

The opinion of the court was delivered by

ROWELL, J. We construe the exceptions to mean, in effect, that the court ruled as matter of law that Dr. Ray's testi-

mony did not tend to show that he was a medical expert, competent to testify his opinion whether the defendant was able to have begotten the child at his age and in his physical condition.

The reasons given for excluding the witness were, that his knowledge upon the subject was derived from reading and not from experience, and that he could state nothing positive without a microscopic examination, which he had not made.

Neither of these reasons is sound. Knowledge derived from reading and study alone is enough. 66 Am. Dec. 234, note. Nor was it necessary for the witness to be able to give accurate information, like that obtainable from a microscopic examination. In many matters pertaining to medical science, accurate information is not obtainable, and opinion is the best that can be had, which, from the very nature of the thing, must be more or less uncertain and unreliable. But that does not go to the competency of the testimony, but only to its weight. Nor does it preclude opinion because something more certain and reliable can be had in the given case. That fact, also, would go to weight and not to competency.

But if it appears from the whole record that the witness was rightly excluded, it was not error to exclude him for unsound reasons. Defendant claims that the exclusion was right, for that the subject is not one upon which expert testimony is admissible. But we think it is. The competency of expert testimony in a particular case depends upon whether or not any peculiar knowledge, science, skill, or art, not possessed by ordinary men, is necessary to the intelligent understanding and determination of the question involved. The rule is stated thus in many of the books : "Whenever the matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it, or, in other words, when it so far partakes of the nature of a science or a trade as to require a previous habit of experience or study in order to the attainment of a knowledge of it, the opinion of experts is admissible.'

Johnson *v.* Castle.

It is clear that the matter of inquiry here comes within this rule, and that it is a subject upon which expert testimony is admissible.

We consider this exception in the aspect the question assumed below, without reference to whether physicians and surgeons are experts as matter of law or not.

The question made by the exception to the charge does not inhere in the case, and will not probably arise in it again, therefore we say nothing about it.

*Judgment reversed and cause remanded.*